**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHAFQAAT BUKHARI,                )<br>                                                      )<br>              Plaintiff,                        )<br>                                                      )<br>       vs.                                         )<br>                                                      )<br>T.D. SERVICES COMPANY, ET AL., )<br>                                                      )<br>              Defendants.                   )<br>                                                      ) | Case No.: 2:10-cv-000578-GMN-PAL<br><br>**ORDER** |

Plaintiff has sued Defendants on multiple causes of action related to the foreclosure of his mortgage. Pending before the Court are Defendants T.D. Service Company's ("TDSC") Motion to Dismiss (#5) and interested party U.S. Bank's ("USB") Motion to Expunge Lis Pendens (#12). Plaintiff has filed a Response to each (#10, #17).

The Court has considered the pleadings and arguments presented by all parties. For the reasons given herein, the Court grants TDSC's Motion to Dismiss (#5) and grants USB's Motion to Expunge Lis Pendens (#12). All claims are dismissed with prejudice, except the RESPA claim against Capital One. The lis pendens is lifted, as the RESPA claim provides only a damages remedy. *See* 12 U.S.C. § 2605(f).

**I.      FACTS AND PROCEDURAL HISTORY**

On or about March 21, 2007, Plaintiff made a promissory note to lender 1st National Lending Services for $394,250.00 to finance the purchase of real property located at 9697 Waukegan Avenue, Las Vegas, NV 89148 ("the Property"). (Compl. at 3:15–19, #1; Deed of Trust, #12 Ex. A). Plaintiff alleges that the deed of trust listed First American Title insurance Company Lenders Advantage as trustee, but the deed of trust shows that Greenhead Investments, Inc. was listed as the trustee. (*Compare* Compl. at 3:19–21, #1, *with* Deed of Trust, #12 Ex. A).

1 TDSC has since been substituted as trustee. (Compl. at 3:19–21). MERS is alleged to be listed
2 as a "[b]eneficiary" on the deed of trust. (*Id.* at 3:21–22). Plaintiff defaulted, and TDSC filed a
3 notice of default and election to sell on September 29, 2009. (#12 Ex. B). A trustee's sale was
4 completed on May 3, 2010, conveying the Property to USB. (#12 Ex. E).

5 Plaintiff sued 1st National Lending Services, Capital One, TDSC, First American Title
6 Insurance Company Lenders Advantage, and MERS in this Court on April 21, 2010, supporting
7 jurisdiction under 28 U.S.C. § 1331. The Complaint can be read to plead the following causes of
8 action: (1) Fair Debt Collection Practices Act ("FDCPA"); (2) Real Estate Settlement Procedures
9 Act ("RESPA"); (3) Truth in Lending Act ("TILA"); (4) Declaratory Judgment; (5) Civil
10 Conspiracy; (6) Securities Fraud; (7) Conversion; (8) Civil Rights Violations Pursuant to 42
11 U.S.C. § 1983; (9) Conspiracy to Interfere with Civil Rights Pursuant to 42 U.S.C. § 1985; and
12 (10) Violation of Contract Rights Pursuant to 42 U.S.C. § 1981. Plaintiff also claims violations
13 of various federal criminal laws, which he may not privately prosecute. At a hearing on May 10,
14 2010, the Court orally denied Plaintiff's motion for injunctive relief. (*See* #15).

15 **II.     LEGAL STANDARDS**

16 Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
17 claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of
18 what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47
19 (1957). The rule cuts both ways. Although there is some allowance for extraneous material, a
20 rambling or confusing diatribe is too much, and a court may in its discretion dismiss such a
21 complaint under Rule 8. *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

22 Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action
23 that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp.*
24 *Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule

1   12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not
2   give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.
3   *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint
4   is sufficient to state a claim, a court takes all material allegations as true and construes them in
5   the light most favorable to the plaintiff.  *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th
6   Cir. 1986).  The court, however, is not required to accept as true allegations that are merely
7   conclusory, unwarranted deductions of fact or unreasonable inferences.  *See Sprewell v. Golden*
8   *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action
9   with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation
10  is plausible, not just possible.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*,
11  550 U.S. at 555).

12      "Generally, a district court may not consider any material beyond the pleadings in ruling
13  on a Rule 12(b)(6) motion . . . .  However, material which is properly submitted as part of the
14  complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*
15  *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents
16  whose contents are alleged in a complaint and whose authenticity no party questions, but which
17  are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)
18  motion to dismiss" without converting the motion to dismiss into a motion for summary
19  judgment.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence
20  201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*,
21  798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside
22  of the pleadings, the motion to dismiss is converted into a motion for summary judgment.  *See*
23  *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

24      If the court grants a motion to dismiss, it must then decide whether to grant leave to

amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**III.    ANALYSIS**

The Complaint itself consists primarily of a lengthy generalized grievance against the banking and mortgage industries. There is no allegation that Plaintiff is not in default or of any statutory irregularity in foreclosure. The arguments in the Complaint have been seen in this Court many times before and were likely compiled from various Internet sources. The Complaint does not intelligibly allege any defects in the present foreclosure except the oft-repeated claim that the bank is not a holder in due course of the relevant promissory note. No evidence is adduced supporting these allegations. The response to the present motions to dismiss is similarly unhelpful.

**A.    FDCPA**

FDCPA requires certain information to be provided to a consumer within five days of communication related to debt collection:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). If a debtor, within thirty days and in writing, disputes the debt or requests from the collector the name and address of the creditor, the debt collector must cease collection of the debt until it has validated the debt and/or obtained the required information and given it to the debtor. § 1692g(b).

Defendants are not "debt collectors" under FDCPA because any Defendant attempting to collect from Plaintiff are only attempting to collect debts owed to itself, not debts owed to another. *See* § 1692a(6)(B). Also, Plaintiff has not made any factual claims supporting a FDCPA action. The Court therefore dismisses this cause of action.

**B.     RESPA**

RESPA applies to "federally related mortgage loan[s]," and 12 U.S.C. § 2614 imposes statutes of limitations on RESPA actions. There are two limitations periods under § 2614:

> Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation . . . .

§ 2614.

In the response to the present motions to dismiss, but not in the Complaint, Plaintiff alleges a specific violation of § 2605(e): failure to respond to an information request he made to Capital One on December 16, 2009. (*See* #10 at 4). If true, this would constitute a violation of a

1  continuing duty to respond to informational requests separate from an allegation of failure to

2  disclose in the first instance under § 2605(a).  The statute of limitations has not run under

3  § 2605(e); however, Plaintiff has not sufficiently alleged this cause of action in the Complaint.

4  The Court therefore dismisses this cause of action, with leave to amend.

5      **C.**    **TILA and HOEPA**

6      HOEPA was an amendment to TILA.  *See* Home Ownership and Equity Protection Act

7  of 1994 §§ 151–53, Pub. L. No. 103-325, 108 Stat. 2160, 2190–95 (1994).  TILA has a one-year

8  statute of limitations for damages actions. 15 U.S.C. § 1640(e) ("Any action under this section

9  may be brought in any United States district court, or in any other court of competent

10 jurisdiction, within one year from the date of the occurrence of the violation.").  The alleged

11 violations occurred on or about March 21, 2007, and the Complaint was not filed until April 21,

12 2010.  This is over two years.

13     The remedy of rescission is available for only three years, *see* 15 U.S.C. § 1635(f), and

14 only where a borrower is willing and able to tender the balance on the promissory note, *see*

15 *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1173 (9th Cir. 2003); *LaGrone v. Johnson*, 534 F.2d

16 1360, 1392 (9th Cir. 1974), which is not the case here.  Moreover, § 1635 "does not apply to . . .

17 a residential mortgage transaction as defined in section 1602(w) of this title." § 1635(e) and

18 (e)(1).  "The term 'residential mortgage transaction' means a transaction in which a mortgage,

19 deed of trust, purchase money security interest arising under an installment sales contract or

20 equivalent consensual security interest is created or retained against the consumers dwelling to

21 finance the acquisition or initial construction of such dwelling." § 1602(w). *Compare In re*

22 *Schweizer*, 354 B.R. 272 (Bankr. D. Idaho 2006) (holding that the TILA rescission remedy did

23 not apply where borrowers used funds to acquire a primary residence), *with De Jesus-Serrano v.*

24 *Sana Inv. Mortgage Bankers, Inc.*, 552 F. Supp. 2d 191 (D.P.R. 2007) (holding that the TILA

rescission remedy did apply where borrowers encumbered a second property in order to obtain financing for the first property).  Plaintiff's mortgage is not covered by the rescission provision of TILA, and Plaintiff does not appear to be willing and able to tender the amount due, making the remedy unavailable for this additional reason.  The Court therefore dismisses this cause of action.

### D. Declaratory Judgment

Federal courts may enter declaratory judgments:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.  However, such judgments may not cross the line into advisory opinions; there must be a case or controversy cognizable under Article III. *Calderon v. Ashmus*, 523 U.S. 740, 745–46 (1998).  In other words, the harm alleged must be complete or imminent, not "hypothetical." *See Id.* at 746.

Plaintiff pled several causes of action, but the only matters on which he seeks separate declarations are unmeritorious (and largely unintelligible) complaints about the nature of banking practices.  The Court therefore dismisses this cause of action.

### E. Civil Conspiracy

Plaintiff alleges a conspiracy against him, but, as noted pursuant to the conversion claim, *infra*, nothing any of the parties did with Plaintiff's promissory note was wrongful under the facts alleged, and it is legally impossible to "conspire" to act within one's legal rights. *See Paul Steelman Ltd. v. HKS, Inc.*, No. 2:05-cv-01330-BES-RJJ, 2007 WL 295610, at *3 (D. Nev. Jan. 26, 2007) (Sandoval, J.).  The Court therefore dismisses this cause of action.

/ / /

#### F. Securities Fraud

"In a . . . securities fraud action, the plaintiff generally must prove five elements: (1) a material misrepresentation or omission of fact; (2) scienter; (3) a connection with the purchase or sale of a security; (4) transaction and loss causation; and (5) economic loss." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).

Plaintiff fails to plead the third through fifth elements of securities fraud. His claim appears to rest on the fact that his mortgage was sold into the secondary mortgage market after he was allegedly defrauded through false statements in the lending process. But Plaintiff has not alleged that he has himself been defrauded with respect to the purchase or sale of any security, because he does not allege he was the seller or purchaser of any security. He alleges only that his lender sold a security—his promissory note, bundled with others—to a third party. Plaintiff did not buy or sell the promissory note. He was the maker of the note, not the payee or subsequent endorsee, so as to him the note represents an obligation, not property or a right. The lender owned the note and the right to receive payments under it, and it allegedly sold the note to a third party, which it had a right to do. Moreover, Plaintiff does not claim that any such sale caused him any loss. The creation of a mortgage-backed security from the promissory note he signed is not alleged to have caused any harm because it is not alleged to have had any affect at all on the total amount owed by Plaintiff on the note, the interest rate of the loan, the monthly payments, or any of Plaintiff's rights or obligations under the note and deed of trust. The Court therefore dismisses this cause of action.

#### G. Conversion

Plaintiff's conversion claim is without merit. Although the argument is not completely intelligible, he appears to allege that his lender converted funds from him by selling his mortgage into the secondary market. This does not state a claim for conversion. "Conversion is a distinct

act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights." *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1048 (Nev. 2000) (internal quotation marks and citation omitted). Plaintiff did not own the right to be paid under the promissory note. By his own allegations, he was the maker of the promissory note, not the payee or a subsequent endorsee. As to Plaintiff, the promissory note therefore represented an obligation, not property or a right, and it is legally impossible for any action with respect to the promissory note to constitute conversion of anything owned by Plaintiff. The Court therefore dismisses this cause of action.

### H. Civil Rights Violations Pursuant to 42 U.S.C. § 1983

The Complaint does not allege that any Defendants are state actors, as required to support an action under § 1983. *See Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010). The Court therefore dismisses this cause of action.

### I. Conspiracy to Interfere with Civil Rights Pursuant to 42 U.S.C. § 1985

> To bring a cause of action successfully under § 1985(3), a plaintiff must allege and prove four elements:
>
> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.
>
> *United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 828–29, 103 S. Ct. 3352, 3356–57, 77 L. Ed. 2d 1049 (1983). Further, the second of these four elements requires that in addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by "some racial, or perhaps otherwise class based, invidiously discriminatory animus behind the conspirators' action." *Griffith v. Breckenridge*, 403 U.S. 88, 102, 91 S. Ct. 1790, 1798, 29 L. Ed. 2d 338 (1971).

/ / /

*Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (footnote omitted).  The statute applies to both public and private conspiracies.  *See Id.* at 1536 n.4.  Plaintiff has failed to allege the second element because he has not identified a classification, and, as already noted, he has failed to allege the first element, because he claims only a "conspiracy" between Defendants to act within their legal rights.  The Court therefore dismisses this cause of action.

### J. Violation of Contract Rights Pursuant to 42 U.S.C. § 1981

> To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.).

*Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993).  Plaintiff has not alleged any intent to discriminate based on his race.  The Court therefore dismisses this cause of action.

### CONCLUSION

IT IS HEREBY ORDERED that TDSC's Motion to Dismiss (#21) is GRANTED.  All claims are dismissed as to all parties, with leave to amend only as to the RESPA claim against Capital One.

IT IS FURTHER ORDERED that USB's Motion to Expunge Lis Pendens (#12) is GRANTED and the lis pendens is EXPUNGED.

DATED this 13th day of July, 2010.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE